IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 2:23-cr-00141 |
| | ) | |
| v. | ) | JUDGE SLOMSKY |
| | ) | |
| JASON CAMPBELL | ) | Electronically Filed |

## OMNIBUS PRETRIAL MOTION

Defendant Jason Campbell, by and through his attorney, Thomas D. Kenny, Esquire, of Kenny, Burns & McGill, and moves this Court for the following relief and assigns the following reasons in support thereof:

1.  That Mr. Campbell was arrested by law enforcement officers without a warrant and without the existence of exigent circumstances and charged with the offenses in the above information on the date therein.

2.  That prior to Mr. Campbell's arrest, the arresting officers did not have facts and circumstances within their knowledge, or reliable information which would cause a reasonably prudent person to believe that Mr. Campbell had committed or was committing a crime nor did they have a reasonable suspicion that he was armed and dangerous and involved in criminal activity.

3.  That the evidence used by law enforcement officers to form the basis of Mr. Campbell's arrest and the search hereinafter described was obtained in violation of his rights under the United States Constitution.

4.  A Pre-Trial Motion Hearing in this matter has been scheduled for November 1, 2023.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

5. Mr. Campbell incorporates herein by reference the preceding allegations hereof, as fully as though the same were herein set forth at length.

6. That prior to his arrest, audio and video recordings were made of Mr. Campbell without his knowledge or his consent.

7. That at or about the time of Mr. Campbell's arrest, his person, email accounts and internet storage services, vehicle, gun, or any other alleged contraband in question were searched by law enforcement officers and therefrom were seized items of evidence which the Commonwealth intends to use against Mr. Campbell at his trial in violation of Mr. Campbell's right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment of the Constitution of the United States.

8. That the aforesaid items were seized without a search and seizure warrant and without the existence of exigent circumstances, reasonable suspicion, or probable cause.

9. That before accessing the contraband in question the law enforcement officers did not announce identity, authority, and purpose and afford the occupants thereof a reasonable opportunity to peacefully surrender same.

10. That if a search and seizure warrant did exist, the warrant did not particularly describe the place or persons to be searched or the items of evidence to be seized and did not set forth probable cause for its issuance or for a search.

11. That the search warrant contained false and misleading information without which probable cause its issuance would not have existed.

12. Take notice that Mr. Campbell, through counsel, intends to cross-examine the affiant who procured the search and seizure warrant with regard to any allegation of prior reliability of informants described in the warrant under the decisions in **Weeks v. United States**, 232 U.S. 383 (1914) and **Mapp v. Ohio**, 367 U.S. 643 (1961).

WHEREFORE, Mr. Campbell prays this Honorable Court that all items of evidence seized by law enforcement officers of their agents not to be received or admitted into evidence and that the same be suppressed.

## **MOTION TO SUPPRESS MR. CAMPBELL'S STATEMENT**

13. Mr. Campbell incorporates herein by reference the preceding allegations hereof as fully as though the same were herein set forth at length.

14. That prior to Mr. Campbell's arrest, Mr. Campbell made statements that were recorded without his knowledge or consent.

15. That after Mr. Campbell's arrest, and while he was in custody, Mr. Campbell made statements in response to questioning by law enforcement officers which the Commonwealth intends to use against him at this trial in violation of the Fifth, and Sixth Amendments to the United States Constitution.

16. That before the statements were made, Mr. Campbell was not warned of nor did he waive his right to counsel and his right to remain silent.

17. That the statements were taken from Mr. Campbell involuntarily and as a result of promises of leniency, physical force and threats.

18. WHEREFORE, Mr. Campbell prays this Honorable Court that all statements made as aforesaid not be admitted or received into evidence and the same be suppressed.

                                                    Respectfully submitted,

                                                    */s/ Thomas D. Kenny*
Thomas D. Kenny, Esquire
PA Attorney ID No. 77611
Kenny, Burns & McGill
1500 John F. Kennedy Blvd.
Two Penn Center, Suite 520
Telephone: (215) 423-5500
Facsimile:  (215) 231-9847
filings@kennyburnsmcgill.com

Dated: September 22, 2023

**CERTIFICATE OF SERVICE**

I, Thomas D. Kenny, Esquire, hereby certify that I caused a true and correct copy of the foregoing to be served via this Court's electronic filing system upon the following parties:

AUSA Robert Eckert, Esquire<br>
United States Attorney's Office<br>
615 Chestnut Street, Suite 1250<br>
Philadelphia, PA 19106

/s/ *Thomas D. Kenny*
Thomas D. Kenny, Esquire
Attorney for Defendant
Jason Campbell

Dated: September 22, 2023